**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kilian Gregoire Hale,<br><br>   Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>   Defendants. | No. CV-20-00558-TUC-JCH<br><br>**ORDER** |

Before the Court are two motions by pro se Plaintiff Hale. The first is a "Motion to Extend Plaintiff's Response to Defendants' Motion for Summary Judgment," Doc. 95, which the Court previously construed as a motion to stay summary judgment under Rule 56(d). Doc. 96. The second is a "Motion for Assistance in Distribution," requesting the Clerk of the Court to file Plaintiff's Response to Defendants' Motion for Summary Judgment. Doc. 99. For the reasons below, the Court will deny Plaintiff's Motion to Stay Summary Judgment (Doc. 95), deny as moot Plaintiff's Motion for Assistance (Doc. 99), and grant Plaintiff leave to amend his Response no later than March 3, 2023.

**I.   Background**

The Court recounts the following detailed procedural background because it shows Plaintiff continued to allege wrongful exposure to COVID-19 after the Court's Screening Order dismissed all claims based on that theory. Plaintiff had ample opportunity to amend his Complaint or seek clarification of his remaining claims. The Court lays out this history, clarifies it to the extent necessary, and uses it to resolve Plaintiff's pending motions.

### A. Plaintiff's Complaint alleged wrongful exposure to COVID-19 and denial of adequate care for Plaintiff's COVID-19 symptoms.

In July 2021, Plaintiff filed his Second Amended Complaint. Doc. 19. The Complaint alleged two basic theories: (1) Plaintiff was wrongfully exposed to COVID-19 by being transferred to a unit in quarantine lockdown due to a COVID-19 outbreak, *see* Doc. 19 at 4–6, 10–14; and (2) after Plaintiff contracted COVID-19, his symptoms were inadequately treated by Defendants Warren and Ferguson, s*ee* Doc. 19 at 6–9, 14–15. These two theories were alleged to support claims for relief under the Eighth Amendment (Count 1), Fourteenth Amendment (Count 2), and Fifth Amendment (Count 3). Doc. 19 at 4, 17, 18. Plaintiff's three claims for relief were alleged against nine defendants: Warren (a Centurion Nurse) and Ferguson (a Centurion Facility Health Administrator) as well as Wheeler (Centurion's CEO), Pacheco (the Warden), Martinez (the Deputy Warden), Shinn (the Arizona Corrections Department Director), Brnovich (the Arizona Attorney General), and correctional officers John Does #1 and #2. Doc. 19 at 1–2. Plaintiff's two theories, three counts, and nine defendants were presented over fifteen handwritten, single-spaced pages. Doc. 19 at 4–18.

### B. The Court's Screening Order dismissed all claims and defendants except the denial-of-care claims against Defendants Warren and Ferguson.

Two months later, the Court issued a screening order dismissing all claims and defendants except for Plaintiff's denial of medical care claims against Defendants Warren and Ferguson. Doc. 21. The Screening Order distilled the following facts connected to Defendants Warren and Ferguson, all of which concern the treatment of Plaintiff's COVID-19 symptoms and not his exposure to COVID-19:

> On August 26, 2020 [after testing positive for COVID-19], Plaintiff submitted a Health Needs Request (HNR), and was seen for an E.K.G. [Doc. 19 at 6.] Plaintiff was prescribed Tylenol for his headaches, but "never saw the provider, Defendant N.P. Alice Warren." *Id.* On September 3, 2020, Plaintiff was assigned to a "hard labor" job in the kitchen, which made his symptoms worse. *Id.* On September 10, 2020, Plaintiff submitted another HNR, and was told that he would be scheduled to see "the provider" (presumably, Defendant Warren). *Id.* at 7. A nurse told Plaintiff that she would ask Warren to prescribe Excedrin for Plaintiff's headaches in the

>meantime. Plaintiff never received any Excedrin. *Id.*
>
>On September 12, 2020, Plaintiff submitted an informal complaint resolution, and, on October 6, 2020, he submitted a medical grievance to Defendant Ferguson regarding the lack of any visit with Defendant Warren, the failure to receive the Excedrin, and his "increasing serious COVID-related health problems." *Id.* On October 9, 2020, Plaintiff was seen by Warren. (Doc. 19 at 7.3) Plaintiff told her Tylenol did not work, his symptoms were getting worse, and asked to be referred to a virologist. Warren "dismissed Plaintiff's serious medical needs as being allergies." *Id.* Plaintiff then asked for Excedrin for his headaches, but Warren "suggested that Plaintiff should purchase ibuprofen from the store if the Tylenol did not help." *Id.* Plaintiff told Warren that he was indigent and unable to purchase ibuprofen, and, in any event, that he was not supposed to take ibuprofen "due to kidney problems." *Id.*
>
>Plaintiff then "began another round of HNRs," but the only response he received from Ferguson was to "submit an HNR." *Id.* at 8. After "several months went by without any medical care or treatment," Plaintiff filed several more grievances and HNRs, but was not seen by the provider again or provided any treatment for his symptoms. *Id.* Plaintiff alleges that the only response to his grievances were from Ferguson directing him to "submit an HNR." *Id.*

Doc. 21 at 4–5.

The Screening Order explained that although Plaintiff alleged medical care claims under three constitutional amendments, "his medical care claim arises [only] under the Eighth Amendment." Doc. 21 at 5. The Screening Order also explained the relevant law, in particular that "a § 1983 medical claim . . . must show (1) a 'serious medical need' by demonstrating that *failure to treat* the condition could result in further significant injury . . . and (2) the defendant's response was deliberately indifferent." Doc. 21 at 5–6 (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (emphasis added)). The Screening Order then applied this law to Defendants Brnovich, Shinn, Pacheco, Martinez, Wheeler, and John Does # 1 and #2. Doc. 21 at 7–9.

In its analysis, the Screening Order considered Plaintiff's theory of wrongful exposure to COVID-19 several times. Doc. 21 at 7:20–27, 8:4–5, 8:9–13, 9:5–7. Each time—and mindful of the need to construe pro se pleadings liberally—the Screening Order concluded that Plaintiff's exposure allegations failed to state a claim because they were

- 3 -

"vague and conclusory." *Id.* For those reasons, among others, the Screening Order dismissed Counts 2 and 3, and all defendants except Warren and Ferguson. Doc. 21 at 10. Regrettably, the Screening Order did not explicitly state that Plaintiff's exposure theory also failed to state a claim with respect to Defendants Warren and Ferguson—though that was strongly implied.[1]

### C. The Court denied Plaintiff's subsequent Motion for Reconsideration, which reasserted Plaintiff's exposure theory of liability, and Plaintiff did not seek to amend his Complaint.

In January 2022, the Court denied Plaintiff's motion to reconsider the Court's Screening Order. Doc. 34 at 10. In his motion for reconsideration, Plaintiff argued among other things that the Court had "overlooked or misinterpreted" several facts in the Complaint. Doc. 28 at 3. These facts all concerned Plaintiff's theory that he was wrongfully exposed to COVID-19. Doc. 28 at 3–8. The Court denied Plaintiff's motion, finding that he "fails to cite new facts or legal authority[.]" Doc. 34 at 4. The Court related that it still "cannot decipher Plaintiff's allegations in Counts II and III[,]" and "affirm[ed] its finding

---

[1] For example, the Complaint's twelve supplemental pages are almost all labeled "Count One," but are divided into a variety of subsections that do not all clearly relate to Count 1. Doc. 19 at 5–16. These pages are incorporated by reference into Counts 2 and 3. Doc. 19 at 17–18. The supplement sections include one titled "[]Denial of Medical Care," Doc. 19 at 6–8, but other sections are titled "Other Facts That May Or May Not Be Relevant To Plaintiff's Case," Doc. 19 at 5–6, "Exhaustion of State Remedies (Medical)," Doc. 19 at 9, "Exhaustion of State Remedies (RE: The Transfer, Admittance, Direct Exposure, And Housing With Virus Positive Inmates," Doc. 19 at 9–10, a long section frequently titled "Claims for Relief," Doc. 19 at 10–16, but also including apparent subsections titled "Knowledge By Defendants," Doc. 19 at 10, "A. Liabilities," Doc. 19 at 11 (which includes sub-subsections "Acts Regarding Defendants" numbers "(1)–(5)," Doc. 19 at 11–14), "Medical Deliberate Indifference," Doc. 19 at 14 (which includes more sub-subsections "Acts Regarding Defendants" numbers "(6)–(7)," Doc. 19 at 14–16), and finally "Elements of Plaintiff['s] Claim." Doc. 19 at 16. These sections, subsections, and sub-subsections frequently refer to each other. *See, e.g.*, Doc. 19 at 15 ("<u>Defendant FH-A. Ferguson denial of serious medical needs</u> she was aware of and failed to act, and culpable for action or inaction in training, supervision and control of subordinates, and other liabilities listed in (<u>"A. Liabilities"</u>, top of Page 3-G) for further serious injury (listed on Page 3-D) to the Plaintiff.") (verbatim). Thus, when the Court dismissed Counts 2 and 3, and when the Court rejected Plaintiff's exposure theory, it rejected all aspects of the Complaint that supported those Counts and that theory, notwithstanding the Complaint's "Count 1" label.

- 4 -

that the allegations in Counts II and III are vague, confusing, and conclusory." Doc. 34 at 8. The Court repeatedly characterized Plaintiff's remaining claims as relating to a "denial of medical care." Doc. 34 at 2, 8. Finally, the Court denied Rule 54(b) relief, explaining that Plaintiff could not appeal the Screening Order because "the Court's dismissal of the dismissed Defendants and claims was without prejudice and thus not a final judgment." Doc. 34 at 9. The Court also explained that the scheduling order set a deadline for parties to amend pleadings, including the Complaint. *Id.*

After the Court denied his reconsideration motion, Plaintiff did not seek to amend his Complaint. Instead, Plaintiff filed a one-page motion for summary judgment seeking to get an appealable final order from the Court's Screening Order and reconsideration denial. Doc. 33. The Court denied as moot Plaintiff's motion for summary judgment, explaining that the Screening Order and the reconsideration denial were without prejudice and not a final judgment. Doc. 36 at 1.

Defendants timely answered the Complaint, and their Answer indicated they believed Plaintiff's claims were for a denial of medical care in failing to diagnose or treat his symptoms. *See* Doc. 31 at 2 ("Defendants deny they failed to provide Plaintiff with medically necessary treatment or failed to appropriately respond to and address Plaintiff's Health Needs Requests."), 3 ("Plaintiff merely disagrees with his course of medical treatment [and] alleges only a difference of opinion among his medical providers."). After Defendants filed their Answer, Plaintiff still did not seek to amend his Complaint but instead began to pursue discovery. *See* docket generally.

**D. The Court denied many of Plaintiff's production requests because they exceeded the scope of his remaining denial-of-care claims.**

In October 2022, the Court relied on the Screening Order's statement of facts and Plaintiff's remaining denial of medical care claims to evaluate Plaintiff's motion to compel production of certain documents. *See* Doc. 80 at 3–12. Two of these documents were the ADCRR Health Services Technical Manual and the ADCRR Mandatory Exposure Plan. Doc. 80 at 6. The Court denied Plaintiff's motion to compel these documents in part because they are "irrelevant to Plaintiff's claim of Defendant Warren's deliberate indifference in

failing to prescribe Excedrin or diagnose Plaintiff's COVID-19 symptoms, or to Plaintiff's claim of Defendant Ferguson's deliberate indifference to Plaintiff's complaints about Defendant Warren's care." Doc. 80 at 7. The Court denied many of Plaintiff's other requests for the same reason. Doc. 80 at 6–19.

### E. The Court granted Plaintiff's unobjected subpoena only because the documents sought were not unduly burdensome.

Shortly after denying most of Plaintiff's production requests, the Court granted his fourth request to issue a certain subpoena. Doc. 82. Plaintiff's subpoena sought (1) the ADCRR Health Services Technical Manual; (2) the ADCRR Mandatory Exposure Control Plan; and (3) all "Routine Statistical Reports for the A.S.P.C. Tucson/Whetstone unit compiled by the Health Unit pursuant to Department Order #117 from July 1, 2020, to August 1, 2020." Doc. 81 at 5–6. Plaintiff sought the statistical reports because they allegedly show "actions and inactions during the COVID virus pandemic at Whetstone, [] which began a week prior to Plaintiff's transfer [to Whetstone]." *See* Doc. 81 at 4, 7. The Court approved Plaintiff's subpoena because production did not appear to be unduly burdensome, and neither Defendants nor the subpoenaed non-party objected. *Compare* Doc. 46 at 2, 4–5, *with* Doc. 82 at 1; *see also* docket generally; Fed. R. Civ. P. 45.

### F. The Court responded to Plaintiff's request for clarification of his claim by referring him to the statement of facts in the Screening Order.

After Defendants filed the Motion for Summary Judgment, Doc. 92, Plaintiff filed another motion for clarification and a motion for time extension. Doc. 95. Plaintiff sought clarification of "the claim for which Defendants Warren and Ferguson are required to answer[.]" Doc. 95 at 2. Plaintiff reiterated his exposure theory that specifically Defendant Ferguson and "possibly" Defendant Warren were liable for failing to protect Plaintiff from COVID-19. Doc. 95 at 3–4. Plaintiff sought a time extension to receive documents "vital to [his] defense" that were the subject of his subpoena. Doc. 96 at 1 (citing Doc. 82).

The Court ruled on Plaintiff's motion for reconsideration, and construed Plaintiff's motion for time extension as a motion to stay summary judgment. Doc. 96. The Court's ruling explained that Plaintiff's claim was adequately described in the Court's denial of

- 6 -

Plaintiff's motion to compel. Doc. 96 at 2 (citing and attaching Doc. 80). The Motion to Compel Denial Order in turn quotes the Screening Order's statement of facts with respect to Defendants Warren and Ferguson, which does not include Plaintiff's exposure theory. Doc. 80 at 1–2. The Court then construed the second aspect of Plaintiff's motion as a motion to stay summary judgment, deferred ruling on it, and ordered Defendants to respond. *Id.*

Defendants responded to Plaintiff's motion to stay summary judgment. Doc. 97. Defendants argued that the documents Plaintiff sought were not vital to his defense because they were irrelevant to his remaining denial-of-care claims. *Id.* Specifically, Defendants alleged that Plaintiff sought the statistical reports "for the purposes of establishing whether he should have been transferred to ASPC-Tucson in the first place, a claim which did not survive the screening of the Complaint by the Court." Doc. 97 at 4.

### G. Plaintiff responded to Defendants' Motion for Summary Judgment without waiting for the Court's ruling on his Motion to Stay Summary Judgment.

After Defendants responded to Plaintiff's Motion to Stay, but before the Court's ruling on it, Plaintiff responded to Defendants' Motion for Summary Judgment. Doc. 98. Plaintiff reiterated his exposure theory claim in a section titled "Statement of Facts" and the first part of a section titled "Issues of Disputed Facts." Doc. 98 at 2–6. Plaintiff concludes that theory by stating he "should be allowed to pursue these claims . . . in addition to the denial of adequate medical care by Defendants." Doc. 98 at 6. Plaintiff then begins a new section titled "Denial of Medical Care," and proceeds to dispute the basis of Defendants' Motion for Summary Judgment. *See* Doc. 98 at 6–18. Plaintiff also filed a "Motion for Assistance in Distribution" requesting the Clerk of the Court to file his Response. Doc. 99.

### II.   Legal Standard

Under Federal Rule of Civil Procedure Rule 56(d), the Court may defer ruling on a motion for summary judgment and allow time for discovery when a party demonstrates it is unable to present facts essential to justify its opposition. *See Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1130 (9th Cir. 2004) (citation omitted). The movant must provide "the specific facts [he] hopes to elicit from

- 7 -

further discovery," and demonstrate that "the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

**III. Analysis**
### A. Plaintiff's claims against Defendants do not extend to a failure to protect him from exposure to COVID-19.

As the history above shows, Plaintiff's exposure theory of liability did not survive the Court's Screening Order. To the extent the Screening Order (Doc. 21), Reconsideration Denial Order (Doc. 34), Motion to Compel Denial (Doc. 80), and clarification ruling (Doc. 96) were not already clear, the Court clarifies its Screening Order that Plaintiff's exposure theory of liability is as vague and conclusory with respect to Defendants Warren and Ferguson as it was with respect to all the dismissed defendants. The only claims that survived the Court's Screening Order were those alleging a denial of medical care by Defendants Warren and Ferguson.

### B. Plaintiff's Motion to Stay Summary Judgment will be denied because the documents Plaintiff seeks are irrelevant to his claims.

The Court will deny Plaintiff's Motion to Stay because Plaintiff fails to identify any specific facts he hopes to elicit, and the items sought by his subpoena are irrelevant to his denial of medical care claims against Defendants Warren and Ferguson. Plaintiff's motion states only that the documents he seeks are "vital," but provides no explanation why. The Court previously found that the ADCRR Health Services Technical Manual and the ADCRR Mandatory Exposure Control Plan are irrelevant to Plaintiff's claims. Upon further review, the Court now finds the statistical reports Plaintiff's subpoena seeks are also irrelevant to his claims. Plaintiff sought these reports to dispute issues arising from his exposure to COVID-19, not his treatment for COVID-19. Defendants' "actions and inactions" regarding Plaintiff's exposure to COVID-19 cannot support a claim of Defendant Warren's deliberate indifference in treating or diagnosing Plaintiff's COVID-19 symptoms. They similarly cannot support a claim of Defendant Ferguson's deliberate indifference to Plaintiff's complaints about Defendant Warren's care. Because the information Plaintiff's

subpoena seeks is irrelevant to his healthcare claims against Defendants Warren and Ferguson, Plaintiff has failed to demonstrate any essential facts that further discovery could provide. Plaintiff has therefore also failed to demonstrate a reason under Rule 56(d) to stay Defendants' Motion for Summary Judgment.

### C. Plaintiff may amend his Response to Defendants' Motion for Summary Judgment if he so chooses.

Plaintiff will be allowed to amend his Response, Doc. 98, in light of this order. Plaintiff filed his Response after the Court's deadline of January 13, 2023, but before his requested extension deadline of February 12, 2023. *Compare* Doc. 96 (filed January 26, 2023), *with* Doc. 95. Plaintiff may have believed his Response was due even though the Court had not yet ruled on his Motion to Stay Summary Judgment. With that in mind, the Court will grant Plaintiff leave to amend his Response within 30 days of this order. Plaintiff is not obligated to amend his Response, but if he chooses to do so he is advised to review the Court's order explaining the requirements for a motion for summary judgment response (Doc. 94 (attached for convenience as Exhibit A)).

If Plaintiff chooses to amend his Response, Defendants shall reply to Plaintiff's Response within 15 days of service. If Plaintiff chooses not to amend his Response, Defendants shall reply to Plaintiff's response no later than March 17, 2023.

### IV. Order

For the reasons above,

**IT IS ORDERED DENYING** Plaintiff's Motion for Stay of Summary Judgment (Doc. 95 at 1);

**IT IS FURTHER ORDERED GRANTING** Plaintiff leave to amend his Response (Doc. 98) no later than **March 3, 2023**. If Plaintiff amends, Defendants shall reply to Plaintiff's amended Response within 15 days of service. If Plaintiff does not amend, Defendants shall reply to Plaintiff's Response (Doc. 98) by March 17, 2023.

///

///

///

**IT IS FURTHER ORDERED DENYING AS MOOT** Plaintiff's "Motion for Assistance in Distribution" (Doc. 99). Plaintiff's Motion requests the Clerk of the Court to file his Response (Doc. 98), but the Clerk has already done so.

Dated this 31st day of January, 2023.

_____
Honorable John C. Hinderaker
United States District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kilian Gregoire Hale,<br><br>                 Plaintiff,<br><br>vs.<br><br>David Shinn, et al.<br><br>                 Defendants. | No. CV 20-00558-TUC-JCH<br><br>**ORDER** |

Defendants have filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. The Court is responsible for making a *pro se* prisoner "aware of the requirements and consequences" of a motion for summary judgment. *Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998). In particular, a prisoner must be "'informed of his or her right to file counter-affidavits or other responsive evidentiary materials and be alerted to the fact that failure to do so might result in the entry of . . . judgment against the prisoner.'" *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.6 (9th Cir. 2003). A prisoner should be notified that if he "fails to controvert the moving party with opposing counter-affidavits or other evidence, the moving party's evidence might be taken as the truth, and final judgment may be entered against the prisoner." *Id.*

**NOTICE—WARNING TO PLAINTIFF**
*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*

The Defendants' Motion for Summary Judgment seeks to have your case dismissed.

A motion for summary judgment under Federal Rule of Civil Procedure 56 will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Local Rule of Civil Procedure 56.1(b) also requires that you include with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment. Your separate statement of facts must include numbered paragraphs corresponding to the Defendants' ("moving party's") separate statement of facts:

> (b) **Controverting Statement of Facts.** Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support. No reply statement of facts may be filed.

LRCiv 56.1(b). You must also cite to the specific paragraph in your statement of facts that supports any factual claims you make in your memorandum of law:

> (e) **Citations in Memoranda.** Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies in support of or in opposition to the motion.

LR.Civ 56.1(e).

Additionally, you must comply with the following provisions of Rule 7.2 of the Local Rules of Civil Procedure:

> (e) **Length of Motions and Memoranda.** (1) Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts. (2) Unless otherwise permitted by the Court, a reply including its supporting memorandum may not exceed eleven (11) pages, exclusive of attachments.
>
> . . . .
>
> (i) **Briefs or Memoranda of Law; Effect of Non-Compliance.** If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2.

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to Defendants' Motion for Summary Judgment as a consent to the granting of that motion without further notice, and judgment may be entered dismissing this action with prejudice pursuant to Local Rule of Civil Procedure 7.2(i). *See Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS ORDERED** that Plaintiff may file a response to Defendants' Motion for Summary Judgment, together with a separate Statement of Facts and supporting affidavits or other appropriate exhibits, no later than January 13, 2023.

**IT IS FURTHER ORDERED** that Defendants may file a reply within 15 days after service of Plaintiff's response.

Dated this 12th day of December, 2022.

_____
Honorable John C. Hinderaker
United States District Judge

- 4 -